**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**FERRATE TREATMENT**
**TECHNOLOGIES, LLC,**

            **Plaintiff,**

**-vs-**                                        **Case No. 6:06-cv-1565-Orl-28KRS**

**LEE CIAMPI,**

            **Defendant.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR ATTORNEYS' FEES AS TO AMOUNT (Doc. No. 26)** |
| **FILED:** | **November 30, 2006** |

On October 10, 2006, Defendant Lee Ciampi removed this case from state court, where it had been pending for over two years, and where it was scheduled for trial in November 2006. Doc. No. 1; *see also* Doc. No. 25. Plaintiff Ferrate Treatment Technologies, LLC (FTT), then filed a motion to remand. Doc. No. 16. After considering Ciampi's response, doc. no. 21, the Court determined that removal was improper and remanded the case to state court. Doc. No. 25.

The court also determined that FTT was entitled to an award of attorneys' fees under 28 U.S.C. § 1447(c), and directed FTT to file a motion for fees with supporting documentation as to amount. *Id*. (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005)). FTT timely filed the

present motion. In support of the motion, FTT submitted the affidavit of Todd M. Hoepker, Esq., who testified to the reasonableness of the requested fees.

There are numerous problems with the present motion. First, FTT requests $17,050.00 in fees. Doc. No. 26. Mr. Hoepker avers that a reasonable amount would be $17,050.00, doc. no. 27 at 6; the billing records reflect that total amount billed is $18,539.50, *id*. at 10, 12; and a summary prepared by Mr. Hoepker (which omits work performed by David B. Shaffer and Sean C. Meyer) indicates that a reasonable amount is $16,447.50, *id*. at 13. There is no explanation provided for these different figures, or why $17,050.00 is the amount requested.

Next, the applicable statute provides, in relevant part, that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Courts have interpreted this language to allow fee awards for "fees and costs incurred in federal court that would not have been incurred had the case remained in state court." *Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997). There are numerous instances were time was billed for maintaining documents in a litigation support system, which would have been incurred regardless of the removal; for reviewing and preparing documents in state court, communicating with the state court judge, or working on the pretrial statement for use in the state court trial, which clearly are not related to the removal; and for time spent on tasks where it is unclear whether the time related to the removal or not (such as reviewing "updates"). Furthermore, there is no legal showing that clerical and administrative work, such as the work related to the litigation support system and updates are properly compensable.

Finally, FTT has submitted no information about the professionals who performed work in this matter – such as date of law school graduation and admission to the bar, experience in this type of litigation, etc. – or how their qualifications support the particular rates requested. While Mr. Hoepker averred that the rates are generally appropriate, without any information about the qualifications of the professionals, I cannot consider the reasonableness of his assessment.

Therefore, the motion is **DENIED without prejudice**. FTT may resubmit the motion, supported by appropriate evidence, on or before January 12, 2007.

**DONE** and **ORDERED** in Orlando, Florida on December 22, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties