# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**FERRATE TREATMENT**
**TECHNOLOGIES, LLC,**

               **Plaintiff,**

-vs-                                                   **Case No.  6:06-cv-1565-Orl-28KRS**

**LEE CIAMPI,**

               **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the Amended Motion for Attorneys' Fees as to Amount filed by Plaintiff Ferrate Treatment Technologies, LLC (FTT). Doc. No. 29. Defendant Lee Ciampi has responded, doc. no. 32, and the matter is ripe for review. The matter has been referred to me for issuance of a Report and Recommendation pursuant to 28 U.S.C. § 636(b).

**I.     INTRODUCTION.**

      On October 10, 2006, Ciampi removed this case from state court, where it had been pending for over two years, and where it was scheduled for trial in November 2006. Doc. No. 1; *see also* Doc. No. 25. FTT then filed a motion to remand. Doc. No. 16. After considering Ciampi's response, doc. no. 21, the Court determined that removal was improper and remanded the case to state court, doc. no. 25.

The Court also determined that FTT was entitled to an award of attorney's fees under 28 U.S.C. § 1447(c), and directed FTT to file a motion for fees with supporting documentation as to amount. Doc. No. 25 (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005)). FTT filed its motion for attorneys' fees. Doc. No. 26. However, because the motion contained inconsistent amounts, sought fees unrelated to the removal, and did not contain sufficient information about the professionals who performed work in this case, I denied it without prejudice to reassertion supported by appropriate evidence. Doc. No. 28. FTT has now filed the present amended motion.

## II.   ANALYSIS.

In the present amended motion, FTT seeks $13,407.50 in attorneys' fees for work performed by four attorneys. Doc. No. 31-5. Ciampi contends that $2,937.50 of the amount sought is not reasonable. Doc. No. 32. Additionally, Ciampi requests a further reduction based on the Court's discretion. *Id*.

The applicable statute provides, in relevant part, that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Courts have interpreted this language to allow fee awards for "fees and costs incurred in federal court that would not have been incurred had the case remained in state court." *Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997).

In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court stated that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." This amount, which is commonly referred to as the lodestar, is then adjusted to reflect the "results obtained." *Id*. at 434; *accord Norman v. Hous. Auth.*, 836 F.2d 1292, 1299-02 (11th Cir. 1988). The lodestar

approach governs attorneys' fee awards under § 1447(c). *Manshum Enter. Inc. v. Nat'l Bus. Info. Corp.*, No. 606CV533-Orl-28JGG, 2006 WL 2406563 (M.D. Fla. Aug. 18, 2006); *see also Halliburton Latin Am. SA v. Int'l Tech. Solutions Inc.*, 273 F.3d 392 (5th Cir. 2001) (per curiam).

In determining the lodestar, a reasonable hourly rate is based on the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. *Gaines v. Dougherty County Bd. of Educ.*, 775 F.2d 1565, 1571 (11th Cir. 1985). The "'fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.'" *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303).

With respect to the reasonable hourly rate, "[t]he applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. . . . Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work. . . . [S]atisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits. Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate." *Norman*, 836 F.2d at 1299 (internal citations omitted). It is well established that the Court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorneys' fees. *See Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002).

With respect to the reasonable number of hours worked, "[f]ee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. In determining the

work for which attorneys' fees are sought, a party must exercise billing judgment. Billing judgment requires that a party not seek reimbursement for hours that it "would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel.*" *Norman*, 836 F.2d at 1301. "[O]bjections and proof from fee opponents concerning hours that should be excluded must be specific and reasonably precise." *Barnes*, 168 F.3d at 428 (internal quotation marks and citation omitted); *see also Norman*, 836 F.2d at 1301 ("Generalized statements that the time spent was reasonable or unreasonable of course are not particularly helpful and not entitled to much weight.").

  A.  *Reasonable Hourly Rates.*

In support of its motion, FTT submitted the profiles of the attorneys who performed work in this matter.[1] Doc. Nos. 31-3, 31-5. FTT seeks $250.00 per hour for work performed by Sandra S. Smalley, who graduated from law school in 1999 and is an adjunct law professor; $375.00 per hour for work performed by Terrence J. Fleming, who graduated from law school in 1981; $225.00 per hour for Sarah B. Stroebel, who graduated from law school in 2001; and $110.00 per hour for some work, and $250.00 per hour for other work, performed by Matthew Firestone, who graduated from law school in 1983 and served as local counsel in this matter. *Id.*[2] Based on a review of the

---

[1] FTT previously sought compensation for work performed by non-attorney professionals. Doc. No. 26. These requests have not been renewed in the present motion.

[2] Smalley, Fleming and Stroebel are all attorneys with Lindquist & Vennum, counsel for FTT. *See Lindquist & Firestone*, http://www.lindquist.com (last visited March 26, 2007). Firestone was retained as local counsel after the case was removed to this Court. Although only Smalley appeared in this court, the timesheets reflect that other attorneys assisted with matters related to removal and remand of the case. Accordingly, Ciampi's objections are unavailing to the extent that he contends that only the work performed by Smalley is compensable.

time sheets, it appears that the reduced rate for Firestone was for time spent on clerical tasks and billed at a paralegal rate.  Doc. No. 31-4 at 5.

Todd M. Hoepker, a member of the bar of this Court and a practitioner in central Florida, submitted an affidavit in which he avers that the requested rates are reasonable considering the central Florida legal market, and the work that was performed in this case.  Doc. No. 31.  Ciampi does not contend that any of the rates requested are unreasonable.  *See* Doc. No. 32.

In the absence of objection, I find that the requested hourly rates are reasonable.

B.      *Reasonable Number of Hours*.

Ciampi argues that FTT "is not entitled to any recovery of 'mixed' entries, general client communications, consultation with counsel not listed as participating in the motion, and preparation of unknown correspondence."  Doc. No. 32.  He objects specifically to the following entries:

| Ref. No. | Date | Description | Attorney | Time Spent |
|---|---|---|---|---|
| 3506738 | 10/5/2006 | Telephone conference with opposing counsel regarding the joint pretrial statement and notice to remove; discuss notice to remove requirements with S. Stroebel; update T. Fleming regarding same | Smalley | 2.00[3] |
| 3500773 | 10/13/2006 | Search for cases discussing requirements for seeking expedited hearings | Stroebel | 0.25 |
| 3503091 | 10/17/2006 | Review J. Bill update | Fleming | 0.10 |

---

[3] Heopker deduced 0.50 hours from the total time worked on these tasks to account for work performed on the state court case.  Doc. No. 31-4.

| 3506751 | 10/20/2006 | Telephone conference with new local counsel regarding retainer and filing motion to remand; draft email update to L. Daly and T. McIntee and forward retainer agreement to L. Daly and T. McIntee | Smalley | 0.80 |
| --- | --- | --- | --- | --- |
| 3506753[4] | 10/23/2006 | Telephone conference with L. Daly's office regarding retainer and review follow-up email; review correspondence from opposing counsel regarding certification of other claims; review local federal rules for motion briefing; edit motion documents | Smalley | 1.90 |
| 3506754 | 10/24/2006 | Return call to J. Reisman with update of motion to remand and trial date; edit motion papers; telephone conference with J. Reisman regarding motion to remand; forward removal and remand documents to J. Reisman; telephone conference to discuss additions; telephone conference with local counsel regarding documents to file | Smalley | 5.70 |
| 3519151 | 11/7/2006 | Review correspondence to Court | Fleming | 0.20 |
| 3528114 | 11/22/2006 | Review remand order; revise letter to state court judge regarding pretrial and trial schedule; discuss strategy with S. Smalley | Fleming | 0.45[5] |

Attorneys should "maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." *Hensley*, 461 U.S. at 437. When they include multiple tasks in a single time entry, often referred to as "block billing," it is difficult for the Court to determine

---

[4] Ciampi's motion refers to Ref. No. 3506733. Because there is no such reference number, it appears that the time entry Ciampi intended to reference was 3506753.

[5] Hoepker deducted 0.30 hours from this time entry for work spent on the state court case. Doc. No. 31-4.

what work was performed on particular issues. In Ref. Nos. 3506738 and 3528114, some of the time worked related to preparing a final pretrial statement and related work in the state court litigation, and some of the time worked related to the notice of removal and remand. The description of the time worked is insufficient for me to make a reasoned estimate of the amount of time devoted to litigation in this Court and the time devoted to litigation in the state court. Accordingly, I recommend that no attorneys' fees be awarded for these time entries. This results in a reduction of 2.00 hours of Smalley's time and 0.45 hours of Fleming's time.

As of October 13, 2006, the case had been removed to this Court. Accordingly, it appears that the research regarding expedited hearings, Ref. No. 3500773, could only have related to litigation in the federal court. Therefore, the objection to this time entry is unavailing.

It is unclear what work was performed in Ref. No. 3503091. Accordingly, I recommend that the Court award no fees for this work. This results in a reduction of 0.10 hours of Fleming's time.

The work performed in Ref. Nos. 3506751, 3506753 and 3506754 was necessary because local counsel was required to litigate the case after it was removed to this Court. Accordingly, the objection to these time entries is not well taken.

Ref. No. 3519151 relates to time worked reviewing correspondence sent to this Court. It is not proper to correspond with the Court. All requests for relief should be made through properly filed papers. Accordingly, I recommend that no attorney's fees be awarded for this work. This results in a reduction of 0.20 hours of Fleming's time.

Ciampi also requests that the Court, in its discretion, decline to award fees "to reflect [the Court's] disapproval of [FTT's] two (2) attempts to present the court with incorrect data (and

affidavits) in support of inflated billings.  These requests by [FTT] represent not only an attempt to improperly extract funds from [Ciampi] but to perpetuate an inaccurate and false representation in [FTT's] communications with this Court."  Doc. No. 32.  Ciampi's histrionics are unjustified.  While all of the hours worked by counsel for FTT are not awardable under § 1447(c), they represent legitimate work.  Furthermore, after the motion was denied, FTT took appropriate steps to amend the motion, and, properly, has not sought additional time incurred as a result of the denial of the original motion.

Finally, Ciampi cites *Martyak v. Martyak*, 378 F. Supp. 2d 1365, 1369 (S.D. Fla. 2005), which reduced fees awarded under § 1447(c) after finding "inordinately extensive time spent engaging in telephone conferences" and duplicative work between original and subsequent counsel.  Other than those entries discussed above, Ciampi has not identified any entries that he contends are objectionable on these bases.  Therefore, this final objection is unavailing.

    C.    *Lodestar Attorneys' Fees*.

Based on the foregoing, the lodestar is as follows:

| Attorney | Hourly Rate | Hours | Lodestar |
|---|---|---|---|
| Smalley | $250.00 | 24.85 | $6,212.50 |
| Fleming | $375.00 | 3.50 | $1,312.50 |
| Stroebel | $225.00 | 12.85 | $2,891.25 |
| Firestone | $110.00 | 3.50 | $385.00 |
| Firestone | $250.00 | 7.30 | $1,825.00 |
| **TOTAL** | | | **$12,626.25** |

**III.    RECOMMENDATION.**

For the foregoing reasons, I respectfully recommend that FTT's Amended Motion for Attorneys' Fees as to Amount, doc. no. 29, be **GRANTED in part**, and that FTT be awarded $12,626.25 in attorneys' fees under 28 U.S.C. § 1447(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 27, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy